## DEXTER HITCHCOCK *vs.* JOHN L. BAKER.

An affidavit for the arrest of " the defendant " in a writ against two defendants, without showing which of the two is intended, is insufficient to authorize the arrest of either.

An officer is not liable for the escape of a debtor whom he has arrested on a process which was insufficient to authorize the arrest.

TORT against a deputy sheriff. The first count of the declaration alleged that the defendant, having a precept in favor of the plaintiff against Eli Goulding, and being directed to arrest him upon it, failed to do so. The second count charged him with having neglected to serve and return an execution against the firm of Gregory & Goulding within sixty days. The third count alleged that the defendant, having arrested Eli Goulding upon a precept in favor of the plaintiff, against Gregory & Goulding, permitted him to escape.

At the trial in the superior court, the plaintiff offered in evidence a writ in his favor, against the said Eli Goulding and Joseph E. Gregory, which is sufficiently described in the opinion, and upon which the following affidavit was duly subscribed and certified to :

" I, Adin Thayer, in behalf of the within named plaintiff, do swear that the within named plaintiff has a good cause of action against the within named defendant, and a reasonable expectation of recovering a sum amounting to twenty dollars ; that he believes and has reason to believe the defendant has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim, and that he believes and has reason to believe that the defendant intends to leave the state, so that execution, if obtained, cannot be served upon him."

*Vose,* J. ruled that this affidavit was sufficient to authorize the arrest of Goulding by the defendant, in compliance with express directions of the plaintiff, and a verdict was returned for the plaintiff. To this and other rulings, which are now immaterial, the defendant alleged exceptions

*G. F. Verry*, for the defendant.

*F. H. Dewey*, for the plaintiff.

METCALF, J.   We are all of opinion that the affidavit on the writ which was put into the defendant's hands for service would not have justified him in arresting Goulding.   The writ was against two defendants, Goulding and Gregory ; but the affidavit refers only to " the within named defendant," and to " the defendant."   On its face it was applicable to a single defendant; and if it would have authorized the officer to arrest Goulding only, it would as well have authorized him to arrest Gregory only.   The writ commanded him to attach the property of both defendants, and for want thereof to take their bodies, if found in his precinct; but before he could legally take the body of either, the law required that the plaintiff in the writ, or some one in his behalf, should make affidavit to his belief of certain facts.   *St.* 1857, *c.* 141, § 17, reënacted by the Gen. Sts. *c.* 124, § 1. The affidavit in this case was not so made as to warrant the arrest of either ; because it did not designate either ; and its meaning could not be expounded by the plaintiff's direction to arrest Goulding, nor by the description of Gregory, in the writ, as " now of Houston, in the State of Texas."   Gregory, though thus described, might perhaps have been found in the officer's precinct.

The exception to the ruling at the trial, that the affidavit was sufficient to authorize the arrest of Goulding, must be sustained. This disposes of the first and third counts in the declaration, and renders the other exceptions immaterial.

*New trial granted.*